John N. Ashodian
vs.  Eq. No. 9699.
Star Dye House, Inc.

April 24, 1933.

CHURCHILL, J. Heard on petition to establish priorities.

A permanent receiver of the corporation was appointed on September 7, 1929, on a bill brought by a stockholder who at the same time held a third mortgage on the real estate of the company. Under the decree the receiver was authorized to continue the business.

At the time of the receivership the property was burdened by the following mortgages:

Union Trust Company, $1,500 due, exclusive of interest;

Zaviz A. Haronian, $800 due, exclusive of interest;

John N. Ashodian, $2,000 due, exclusive of interest;

Livingston Stebbins, $3,000 on both real and personal property, exclusive of taxes.

The first mortgagee took no part in the proceedings leading up to the appointment of the receiver but stood on its security. Counsel for the second, third and fourth mortgagees appeared at three different hearings on the matter of the appointment of the receiver, and at the third hearing successfully opposed the appointment of one Boyajian, who was the temporary receiver.

The plant was operated by the receiver until December 31, 1930. Out of funds derived from the operation of the business he paid interest on the second, third and fourth mortgages, taxes, insurance and installments due on equipment used by the corporation and the receiver and held under conditional sales contracts of the usual type.

On May 11, 1932, the Union Trust Company filed a petition for leave to foreclose and on May 18, 1933, Livingston Stebbins filed a like motion under his mortgage. These petitions were granted and under decrees entered on July 2, 1932, it was provided that the proceeds of the sales, less certain expenses, should be deposited in the registry of the court to await the determination of questions of priority which had been raised at the time that the petitions for sales were heard.

The net proceeds of the sales under the first mortgage amounted to $2,145.20. From the sale of the personal property was derived the net sum of $388.53.

The claims for which priorities are sought over the liens of the mortgages are:

(1) Starkweather & Shepley, Inc., $427.51.

This claim is for premiums due on insurance on both the real and personal property in the hands of the receiver. Under all the authorities this claim is entitled to priority, it being a necessary expense for the preservation of the property. The amount of $252.23 is for premiums due on insurance effected on the real estate and is prior to the claims of all the mortgagees to the fund derived from the sale of real estate.

One hundred seventy-five dollars and twenty-five cents is the amount of the premiums for insurance on the personal property and outranks the mortgage held by Stebbins on the personal property.

(2)   Claim of the Receiver.

The receiver has filed a claim for priority based on the payment by him of various items which were for the benefit of the mortgaged property and necessary for its preservation or the preservation of the security of the mortgagees. He makes no claim to outrank the first mortgagee except in the matter of expenditures for insurance on the real estate but does claim priority against the second, third and fourth mortgagees.

The rule is that the necessary expenditures of the receiver for the protection of the mortgaged premises and which are for the benefit of the mortgagee outrank the lien of the mortgagee.

> *Rhode Island Hospital Trust Co.*
> vs. *S. H. Greene & Sons Corp.*,
> 50 R. I. 305.

Applying the rule to the facts in the instant case, the Court holds that the receiver is entitled as against the second, third and fourth mortgagees to priority for interest paid out to the mortgagees, (saving the rights of labor claims hereinafter considered), taxes paid on the mortgaged property, payments on conditional sales contracts, payments for certain electrical equipment, and on administrative expenses of $82.68.

(3)   Labor charges.

Employees at the plant, who were not paid by the receiver, there being insufficient funds for that purpose left in his hands when he discontinued operation, have filed claims for priority. They are as follows:

Peter Shishmanian........ $55.00
Pierre Michaud........... $96.60
Mary Tyrrell............. $28.00
Joaquina Wright.......... $40.00
Matthias Dupre...........$150.00

The interest paid on the mortgages was taken out of operating income from which wages should have been paid to the employees but instead of which it was diverted for the benefit of the mortgagees. In the event of an insufficiency of funds in the hands of the receiver to pay wages, there seems to be a clear equity for these wage claims.

The rule was succinctly stated by Judge Putnam in *Dickinson* vs. *Saunders*, 129 Fed. 16:

> "The Court has recognized another equity on behalf of indebtedness created from hand to mouth in favor of laborers, mechanics and dealers supplying material, for day to day operation, to the effect that if mortgagees, after a railroad company becomes insolvent, accept payment of interest and allow to be applied there moneys which ought to have been used in disbursing the cost of operation of the property, another equity arises by virtue of which that which has thus been taken from the immediate hand to mouth creditors shall be restored to them."

See also *St. Louis Trust Co.*, vs. *Riley*, 70 Fed. 32, to the same effect and with a full review of authorities.

It is true that the rule has been applied in public utility cases for the most part but the rationale of the doctrine of an equity arising for laborers in the case where income has been applied for the benefit of the mortgagee applies equally in the case of a private corporation.

The labor claims are allowed as against the second, third and fourth mortgagees up to the amount of the interest paid by the receiver to such mortgagees.

(4)   National Cash Register.

This claim is for $35, a balance due on the purchase of a cash register.

The cash register was held under a conditional sales contract which had not been paid in full. The register was nevertheless sold under the personal property mortgage. This claim is allowed priority against the personal property mortgage of Stebbins.

The other claims to priority are either not sustained by any evidence presented or were waived.

(5) Interest.

The first mortgagee is entitled to interest at six per cent. to the date of the decree.

I Clerk, Receivers, P. 927.

The exact amount of the receiver's claim which is allowed priority and the question of the allocation of the priorities herein allowed, as between the second, third, and fourth mortgagees on the personal property and on the real property, may be heard at the time of entry of the decree on the petitions for priority.

For complainant and receiver: Knauer & Fowler.

For defendant: Greenough Lyman & Cross, Huddy & Moulton, Henry L. Burdick, Walter Johnson, Jasper Rustigian, Sarkis Boyajian, Edward H. Ziegler, Flynn & Mahoney.